CARLSTROM et al. v. AGRICULTURAL INS. CO. et al.

No. 12275.

United States Court of Appeals Ninth Circuit.

Jan. 30, 1950.

Neil Cunningham, San Francisco, Cal., for appellants.

Thornton & Taylor, San Francisco, Cal., for appellees.

Before STEPHENS, HEALY, and BONE, Circuit Judges.

HEALY, Circuit Judge.

The question in this case is whether the trial court was in error in refusing to allow interest prior to judgment on an amount awarded appellant in a suit on a group of fire insurance policies. The statute invoked is § 3287 of the California Civil Code reading in part: "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day * * *."

The property insured (99% of which suffered destruction in the fire) had been purchased by appellant as war surplus. It consisted of lumber the major portion of which was boards nailed together in the form of troughs from 26 to 43 inches long. There was besides a substantial quantity of slats, or single boards, of approximately the same length as the troughs. On the sale the government invoice estimated the total quantity at 4,470,408 board feet. The verified proof of loss timely served by appellant represented his claim as approximately 5,000,000 board feet, valued at $125,000. The insurers made no question of liability, but admitted a loss of only $14,320.

Apparently no appraisal was had as contemplated by the policies; and the insured ultimately brought suit alleging quantity and value in conformity with his proof of loss. On the trial the court found that the quantity destroyed was 3,930,704 board feet, this quantity being arrived at by deducting 500,000 board feet found to have been used in the government's box factory prior to sale, plus 1% representative of the total remaining after the fire. The amount awarded appellant was $31,153.52, judgment being entered for this sum with interest from the date of judgment only.

The policies, drafted in the standard form prescribed by the Insurance Code of California, provided that loss should be payable within 30 days after ascertainment of the amount either by agreement or by appraisement; but in the event such ascertainment was not had within 60 days after receipt of the insured's preliminary proof of loss, then the loss was payable 90 days after such receipt. Here the 90-day period expired March 4, 1945. As already indicated, the sole question before us is whether interest on the sum awarded should have been allowed from that date.

The latest decision of the California Supreme Court relative to the applicability of § 3287, supra, to insurance contracts of this type, is Koyer v. Detroit Fire & Marine Ins. Co., 9 Cal.2d 336, 70 P.2d 927, where the court approved the allowance of interest from the close of the 90-day period. It said 9 Cal.2d at page 345, 70 P.2d at page 931: "It would seem to admit of no doubt that an ordinary fire or earthquake loss is adjusted by calculation, whether it be a total or a partial loss. Preliminary proofs of loss are calculations of the loss, as are also the estimates of appraisers, and these are the methods of adjustment contemplated by the parties and stipulated in the policies. Resort may be had to court action only in the event the calculations of the parties or those of their appraisers are not in agreement. *The amount awarded plaintiff by the jury conformed closely to the amount claimed in the proofs of loss."* [Emphasis supplied.] As was the situation in the case before us, the Court observed that there was available to the parties before suit all of the knowledge and all of the means of knowledge of the extent of the loss which was available to them or to the court or jury upon the trial. "The contracts of insurance", said the court, "prefer settlement by estimate or calculation of loss to the determination of the question in court. Where the parties have agreed upon the use of that method in fixing the amount of the insurers' liability and have bound themselves to settle upon that basis, they cannot consistently ask the court to declare the method they have adopted as an important element of their contract to be inadequate and uncertain and insist that trial of the issue in court is necessary for a correct and just determination."

Whether the sentence we have italicized was intended as the statement of a condi-

tion essential to an award of interest is substantially the nubbin of the dispute between the parties to this appeal. Doubt as to the significance of the Court's observation is more or less dissipated by a study of certain of the authorities cited by the Court in support of its conclusion that the loss was capable of being made certain by calculation, namely, Anselmo v. Sebastiani, 219 Cal. 292, 26 P.2d 1; Pacific Coast Adjustment Bureau v. Indemnity Ins. Co., 115 Cal. App. 583, 2 P.2d 218, and Jacobs v. Farmers' Mutual Fire Ins. Co., 5 Cal.App.2d 1, 41 P.2d 960. These cases either hold or broadly intimate that if the amount owing is calculable from the proofs of loss rendered by the insured, and if his claim is found by the court to have been substantially correct, then the damages are capable of being made certain by calculation within the intendment of the statute. We feel constrained, therefore, to adopt the insurers' interpretation of the Koyer decision.

Affirmed.